# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-2037V**

| | |
|---|---|
| MARRIEA LAYTON,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: August 21, 2026 |

*Matthew B. Bernstein, Green & Schafle LLC, Philadelphia, PA, for Petitioner.*

*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On December 1, 2025, Marriea Layton filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that an influenza ("flu") vaccine administered to her on September 13, 2024 caused her to suffer a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table (42 C.F.R. § 100.3). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 29, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On August 20, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $55,000.00 in pain and suffering and $182.29 in past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $55,182.29 (representing $55,000.00 in pain and suffering and $182.29 in past unreimbursable expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| MARRIEA LAYTON,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 25-2037V (ECF)<br>Chief Special Master Corcoran |

**PROFFER ON AWARD OF COMPENSATION**[1]

On December 1, 2025, Marriea Layton ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of an influenza vaccination she received on September 13, 2024. Petition at 1.

On June 18, 2026, the Secretary of Health and Human Services ("respondent") filed his Vaccine Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act. ECF No. 13.

On June 29, 2026, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to compensation for a SIRVA. ECF No. 16.

## I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A. Pain and Suffering

Respondent proffers that petitioner should be awarded **$55,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$182.29**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

> A lump sum payment of **$55,182.29** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

Petitioner is a competent adult. Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

/s/ Naseem Kourosh
NASEEM KOUROSH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 305-1159
Naseem.Kourosh@usdoj.gov

DATED: August 20, 2026

**CERTIFICATE OF SERVICE**

I certify that today, August 20, 2026, a copy of the foregoing document will be served by electronic mail to Matthew Bernstein at matt@greenlegalteam.com.

/s/ Naseem Kourosh